# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **SANDREW DOSS,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) )   Civil Action Number |
| **LT. WILLIAM NORTHCUTT, et al.,** | )       4:12-cv-2718-AKK ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM OPINION AND ORDER

The magistrate judge filed a report and recommendation on March 14, 2016, recommending that the defendants' motions for summary judgment, docs. 69; 71, be denied. The parties were allowed fourteen (14) days to file objections and advised that the failure to file such objections would bar any later challenge or review of the factual findings of the magistrate judge. Defendants filed objections on March 28, 2016. Docs. 88; 89.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and hereby is **ADOPTED** and the recommendation is **ACCEPTED**. The court **EXPRESSLY** finds that there are genuine issues of material fact and that the defendants are not entitled to judgment in their favor as a matter of law.

1

Accordingly, the defendants' motions for summary judgment are due to be and hereby are **DENIED** because of the existence of genuine issues of material fact.

This matter is **SET** for a **Pretrial Conference** at 10:30 a.m. on October 7, 2016 at the Hugo L. Black Courthouse in Birmingham, Alabama and for a **Jury Trial** at 9:00 a.m. on December 5, 2016, at the Federal Courthouse in Anniston, Alabama. The court directs the parties to the Standard Pretrial Procedures governing all pretrial deadlines, which is attached as Exhibit A.

**DONE** the 25th day of August, 2016.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

PRE-TRIAL DOCKET
HON. ABDUL K. KALLON, PRESIDING

**BIRMINGHAM, ALABAMA**

　　This case is set for a pre-trial hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure.  A conference-type hearing will be held in chambers in the Hugo Black Federal Courthouse in Birmingham, Alabama at the time indicated.

　　The hearing will address all matters provided in Rule 16, including the limitation of issues requiring trial, rulings on pleading motions, and settlement possibilities.

　　Counsel attending the conference are expected to be well-informed about the factual and legal issues of the case, and to have authority to enter appropriate stipulations and participate in settlement discussions.  <u>Counsel appearing at the conference will be required to proceed at trial notwithstanding the naming of others as designated trial counsel</u>.

　　Promptly upon receipt of this notice, plaintiff's counsel is to initiate discussions with other counsel aimed at ascertaining which basic facts are not in dispute, at clarifying the parties' contentions (for example, just what is denied under a "general denial") and at negotiating workable procedures and deadlines for remaining discovery matters.  <u>At least four (4) business days in advance of the conference, plaintiff's counsel is to submit to chambers (via email at kallon_chambers@alnd.uscourts.gov) a proposed Pre-trial Order in WordPerfect format</u>, furnishing other counsel with a copy.  It is anticipated that in most cases the proposed order, with only minor insertions and changes, could be adopted by the court and signed at the close of the hearing.

　　A sample of a proposed Pre-trial Order is available on the Chamber web site (www.alnd.uscourts.gov/Kallon/Kallonpage.htm) to illustrate the format preferred by the court and also to provide additional guidance and instructions.  Each order must, of course, be tailored to fit the circumstances of the individual case.

Counsel drafting this proposed order should consider the utility this document will provide for the litigants, the jury, and the court alike.  The court anticipates using the pretrial order to (1) identify and narrow the legal and factual issues remaining for trial, and (2) provide jurors with the legal and factual context of the dispute.  This order should **not** revisit at length arguments made in previous filings with the court, nor should it serve as another venue for adversarial posturing.  Pretrial orders should be simple, short, and informative.

IN ANY CASE WHERE COUNSEL HAVE ANNOUNCED SETTLEMENT TO THE COURT, A CONSENT JUDGMENT IN SATISFACTORY FORM <u>MUST</u> BE PRESENTED TO THE COURT  <u>PRIOR</u> TO THE SCHEDULED TRIAL DATE; OTHERWISE, THE CASE WILL BE DISMISSED <u>WITH</u> PREJUDICE.